## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

KELVIN SWAN, FRED FORD )
KEITH ELLISON, )
& MANDRELL PARHAM )
                PLAINTIFF'S, ) CIVIL ACTION
                 ) FILE NO.:
V. ) JURY TRIAL DEMANDED
                 )
CITY OF MANCHESTER )
                DEFENDANT )

### COMPLAINT

### JURISDICTION AND VENUE

### 1.

The jurisdiction of this Court is invoked and Plaintiffs' causes of action are brought under Title VII of the Civil Rights Act of 1964, the Civil Rights of 1991, as amended, 42 U.S.C 2000e et. seq., 28 U.S.C. 1331, and Title I of the Americans with Disabilities Act of 1990 (ADA).

### 2.

The Plaintiff's, Kelvin Swan, Fred Ford, Keith Ellison and Mandrell Parham are seeking declaratory relief, injunctive relief, and damages to redress the deprivation of their rights by Defendant because of its discriminatory treatment of them based upon race.

### 3.

Declaratory relief is sought pursuant to 28 U.S.C. 2201.

### 4.

Injunctive relief is sought pursuant to Rule 65, Federal Rules of Civil Procedure.

### 5.

The unlawful practice of discrimination based on race and failure to provide equal employment opportunities including but not limited to equal pay, denial of promotions, discipline lay offs and rehire and retaliation were committed within the Middle District of the State of Georgia.

## PARTIES

### 6.

The Plaintiff, Kelvin Swan, is a Black male citizen of the United States and a resident of the State of Georgia. He submits himself to the jurisdiction of this Court.

### 7.

The Plaintiff, Keith Ellison, is a Black male citizen of the United States and a resident of the State of Georgia. He submits himself to the jurisdiction of this Court.

### 8.

The Plaintiff, Mandrell Parham, is a Black male citizen of the United States and a resident of the State of Georgia. He submits himself to the jurisdiction of this Court.

### 9.

The Plaintiff, Fred Ford, is a Black male citizen of the United States and a resident of the State of Georgia. He submits himself to the jurisdiction of this Court.

### 10.

Defendant, City of Manchester is a municipality as such operates as such within the Northern District. It is a covered employer under 42 U.S.C. 2000e et seq.

### 11.

Defendant has continuously and does now employ more than 100 persons and is engaged in an industry affecting commerce. Defendant may be served through Mayor Anthony D. Clifton, 122 2nd Street, Manchester, GA. 31816, and Ms. Kathy M. Storey City Manager, P. O. Box 366, Manchester, GA. 31816 and is subject to the jurisdiction of this court.

## CLAIM FOR DECLARARTORY AND INJUNCTIVE RELIEF

### 12.

This is a proceeding for a declaratory judgment as to the Plaintiffs' rights and for a permanent injunction enjoining the Defendant from maintaining a policy or practices of:

A.  Discriminating against Plaintiffs or other persons because of race with respect
to terms, conditions, and privileges of employment;

B.  Limiting, segregating, and classifying Plaintiffs or other persons in ways
which deprive them of employment opportunities and otherwise adversely
affect their status as employees because of their religious beliefs/practices.

C.  Violating the ADA's confidentiality requirements by co-mingling medical
information with regular personnel information.

## ADMINISTRATIVE PROCEDURE

## 13.

On or about January 8, 2007, Plaintiff Kelvin Swan filed a timely Charge of
Discrimination, alleging discrimination based on race, failure to comply with
confidentiality requirements of the ADA, with the Equal Employment Opportunity
Commission, a copy of which is attached as Exhibit A to this Complaint.

## 14.

Plaintiff alleged Defendant had a pattern and practice of discrimination and
engaged in systematic discrimination because of race and requested a class wide
investigation.  That during the course of the investigation of the systemic discrimination
charge, Defendants were put on notice of the claims of Kelvin Swan, Fred Ford, Keith
Ellison and Mandrell Parham.

## 15.

On or about January 31, 2011, the U.S. Department of Justice, Civil Rights
Division issued the Plaintiffs a Notice of Right to Sue, which the Plaintiffs received on or
about February 8, 2011, a copy of which is attached as Exhibit B to this Complaint.  This
action has been brought within the time period allowed by law.

## STATEMENT OF FACTS

## 16.

Plaintiff, Kelvin Swan, began working for the Defendant in September of 2006 as
a Truck Clamp Operator.  Plaintiff was laid off on May 8, 2006 and was not called back
to work in the same manner as similarly situated with white employees

## 17.

Plaintiff, Keith Ellison, began working for the Defendant on March 12, 2006.
Plaintiff was laid off on January 12, 2007 and was not called back to work as similarly
situated with white employees.

### 18.

Plaintiff, Fred Ford, began working for the Defendant on or about March 2006. Plaintiff was laid off and was not called back to work as similarly situated with white employees.

### 19.

Plaintiff, Mandrell Parham, began working for the Defendant in December 5, 2005. Plaintiff was terminated on or about February 16, 2007 and was not called back to work as similarly situated with white employees.

### 20.

Plaintiffs believe that they have been discriminated against due to their race/color and in retaliation for complaining about unfair and discriminatory practices of the Defendant.

### 21.

The effect of the policies and practices complained of herein has been to harm the Plaintiffs emotionally and to deprive them of equal employment opportunities and of income in the form of wages, promotions, bonuses, prospective retirement benefits, and other benefits of employment due to them as employees on the basis of their religious beliefs/practices.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000E (TITLE VII)

### 22.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 23.

The effect of Defendant's above-stated actions of discrimination against Plaintiff because of his race (Black) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, income in the form of wages, prospective retirement benefits, social security, and other benefits due them as workers solely because of race and/or because of opposition to unlawful discrimination. Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendant's policies and practices as set forth in this Complaint,

including but not limited to lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation, the deprivation of rights under state and federal law, and retaliation for exercising the right to access to the Courts.

## 24.

As a direct and proximate result of Defendant's actions, or inaction, as described herein, Plaintiff was subjected to discrimination based on race.

## 25.

In regard to Count II of this Complaint, Defendant has acted arbitrarily and capriciously, intentionally, maliciously, willfully and in bad faith.

## 26.

Plaintiff is entitled to equitable and monetary relief for Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III: 42 U.S.C. §2000e et seq. - RETALIATION

The proceeding paragraphs are incorporated in hac verba. The Defendant has engaged, or intentionally engaged, in unlawful employment practices and polices in violation of 42 U.S.C. §2000e et seq.

## 27.

The Plaintiff complained about and opposed discrimination based on race, yet Defendant failed to take any action.

## 28.

As a direct and proximate result of Defendant's actions or inactions, as described herein, Plaintiff was subjected to discrimination based on his good faith opposition to unlawful discrimination based on race.

## 29.

The effect of the polices and practices complained of herein has been to harm Plaintiff emotionally and to deprive him of equal employment opportunity and of income in the form of wages, bonuses, prospective retirement benefits, and other benefits of employment due him as an employee under 42 U.S.C. §2000e et. Seq.

## COUNT IV: NEGLIGENT RETENTION AND SUPERVISION

### 30.

Plaintiff's re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 31.

Defendant breached its duty to Plaintiff to provide a work environment free from race discrimination. In this regard, Defendant acted with gross negligence toward Plaintiff and with reckless disregard for his safety and wellbeing.

### 32.

Defendant had actual knowledge, or in the exercise of ordinary care should have known, of its supervisory employees' reputation and propensity for discrimination toward black employees against said employees who oppose Defendant's unlawful practices.

### 33.

Based on Defendant's knowledge of its supervisory employees' reputation for improper discriminatory conduct, it was foreseeable that Defendant's supervisory employees would engage in future discrimination of Plaintiff.

### 34.

Notwithstanding Defendant's knowledge of its supervisory employees' unlawful conduct, Defendant took no action to effectively and adequately discipline and supervise its supervisory employees for such conduct. Such acts on behalf of Defendant constitute negligent retention and supervision of its supervisory employees. Defendant has ratified the conduct of its agents.

### 35.

As a result of Defendant's misconduct, Plaintiffs have suffered stress, shame, humiliation, embarrassment, anger, and worry such that no reasonable person should be expected to endure.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### 36.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 37.

The foregoing malicious and willful acts of Defendant against Plaintiffs were intended to and did inflict severe mental and emotional distress upon them, and were thus tortuous under the laws of the State of Georgia.

### 38.

Said malicious, willful, and outrageous tortuous acts of Defendant embarrassed, humiliated, shocked, and tormented Plaintiffs, and caused them to suffer grievous emotional, mental, and psychological harm.

### 39.

At all times relevant to this action, Defendant acted intentionally, maliciously, willfully, wantonly, and recklessly toward Plaintiffs.

## COUNT VI: PUNITIVE DAMAGES

### 40.

Plaintiffs re-allege and incorporate herein all preceding paragraphs of this Complaint.

### 41.

All of the Defendant's actions described herein, jointly and severally, with regard to Plaintiff's show a willful misconduct, malice, wantonness, oppression and an entire want of care, and said Defendant was consciously indifferent to the consequences of its actions and acted with total disregard and compassion for Plaintiff's peace, happiness and/or feelings, thereby causing Plaintiff's to suffer severe emotional and mental trauma.

## 42.

All of the Defendant's actions described herein with regard to Plaintiff's grant Plaintiff's the right to recover punitive damages in an amount to be decided upon by the enlightened consciences of impartial jurors in an attempt to deter the wrongdoers from committing such actions in the future.

## COUNT VII: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### 43.

Plaintiff's re-alleges and incorporates herein all preceding paragraphs of this Complaint.

### 44.

Plaintiff's are entitled to his attorney's fees and expenses of litigation on each and every cause of action based upon state tort claims alleged herein, pursuant to O.C.G.A. § 13-6-11, because Defendant has acted intentionally and/or in bad faith and has caused Plaintiff's unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff's respectively prays for this Court to advance this case on the docket, to order a speedy hearing at the earliest practicable date, to cause this action to be in every way expedited, and upon such a hearing to:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violate Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.;

2. Permanently enjoin the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with it from engaging in any employment policy or practice which discriminates against any employee or applicant for employment on account of race and/or retaliation.

3. Retain jurisdiction over this action to ensure full compliance with the orders of this Court;

4. Grant Plaintiff's judgment against the Defendant for back pay, other benefits and opportunities of employment of which he has been deprived;

5. Grant Plaintiff's compensatory damages in an amount to be determined by a jury and commensurate with the pain and emotional distress imposed upon him by Defendant's discriminatory and tortuous acts, including but not limited to damages for medical care, treatment, and incidental expenses, damages for pain

damages for medical care, treatment, and incidental expenses, damages for pain and suffering, for emotional distress, for lost wages and benefits, and for reduced earning capacity

6.  Grant the Plaintiff's attorney's fees, costs and disbursements;

7.  Grant the Plaintiff's a trial by a jury; and

8.  Grant such additional and further relief as the Court deems just and proper.

Respectfully submitted this _____ day of April, 2011.

s/Alfonza Whitaker _____
Alfonza Whitaker
Attorney for the Plaintiffs
Georgia Bar No.: 141906
Justice No. 8236879

Whitaker & Whitaker, P.C.
644 Broadway
P. O. Box 2748
Columbus, GA 31902
Telephone: (706) 507-3100;
Facsimile: (706) 507-3117

## **VERIFICATION**

## **VERIFICATION**

**GEORGIA, MUSCOGEE COUNTY:**

Personally appeared before the undersigned officer duly authorized to administer oaths in and for said State and County, Mandrell Parham, who having been first duly sworn deposes and says that the facts and allegations contained in the foregoing are true and correct.

**MANDRELL PARHAM**

Sworn to and subscribed before me this 29th day of April, 2011.

Notary Public, Muscogee County, Georgia
My Commission Expires: July 9, 2012

## VERIFICATION

**GEORGIA, MUSCOGEE COUNTY:**

Personally appeared before the undersigned officer duly authorized to administer oaths in and for said State and County, Keith Ellison, who having been first duly sworn deposes and says that the facts and allegations contained in the foregoing are true and correct.

**KEITH ELLISON**

Sworn to and subscribed before me
this 29th day of April, 2011.

Notary Public, Muscogee County, Georgia
My Commission Expires: July 9, 2012

## **VERIFICATION**

**GEORGIA, MUSCOGEE COUNTY:**

Personally appeared before the undersigned officer duly authorized to administer oaths in and for said State and County, Kelvin Swan, who having been first duly sworn deposes and says that the facts and allegations contained in the foregoing are true and correct.

**KELVIN SWAN**

Sworn to and subscribed before me
this 29th day of April, 2011.

Notary Public, Muscogee County, Georgia
My Commission Expires: July 9, 2012

## VERIFICATION

**GEORGIA, MUSCOGEE COUNTY:**

Personally appeared before the undersigned officer duly authorized to administer oaths in and for said State and County, Fred Ford, who having been first duly sworn deposes and says that the facts and allegations contained in the foregoing are true and correct.

_Fred Ford_

**FRED FORD**

Sworn to and subscribed before me
this 29th day of April, 2011.

Notary Public, Muscogee County, Georgia

My Commission Expires: _July 9, 2012_